UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| CARLOS BEAUFRAND, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br> vs.<br><br>GENPACT SERVICES, LLC,<br><br>    Defendant. | Case No.: 17-cv-538<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA").

## JURISDICTION

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Carlos Beaufrand is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from him a debt allegedly incurred for personal, family or household purposes.

5. Defendant Genpact Services, LLC ("Genpact") is a debt collection agency with its principal offices located at 1155 Avenue of the Americas, 4th Floor, New York, NY 10036.

6. Genpact is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. Genpact is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. Genpact is a debt collector as defined in 15 U.S.C. § 1692a.

**FACTS**

8. On or about April 1, 2017, Genpact mailed a debt collection letter to Plaintiff regarding another alleged debt owed to "Synchrony Bank" ("Synchrony"). A copy of this letter is attached to this Complaint as Exhibit A.

9. The alleged debt referenced in Exhibit A was a "TJX Rewards" credit card account, and the alleged debt was incurred for personal, family or household purposes, including purchases of household goods from TJX's retail stores.

10. The TJX Companies, Inc. ("TJX") "is an American apparel and home goods company based in Framingham, Massachusetts. It claims to be the largest international apparel and home fashions off-price department store chain in the United States." https://en.wikipedia.org/wiki/TJX_Companies. TJX or its corporate affiliates operate retail stores in the U.S. under the brands Marshalls, TJ Maxx, HomeGoods and Sierra Trading Post. *Id.*

11. Synchrony issues and services TJX-branded credit cards. *See* http://tjmaxx.tjx.com/store/jump/topic/TJX-Rewards-Card/2400012.

12. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

13. Exhibit A was the first letter Genpact sent to Plaintiff regarding this alleged debt.

14. Exhibit A includes the FDCPA debt validation notice. 15 U.S.C. § 1692g(a).

15. Exhibit A states:

```
Balance Due:      $413.00
Amount Now Due:   $152.00
```

2

16. <u>Exhibit A</u> also states:

> Please mail the balance in full to the payment address listed below. If you are experiencing financial difficulties, please call our office and a representative will assist you in negotiating a suitable payment arrangement.
>
> The total account balance as of the date of this letter is shown above. Your account balance may increase because of interest or other charges, if so provided in your agreement with your creditor.

17. On or about April 3, 2017, Genpact mailed a debt collection letter to Plaintiff regarding another alleged debt owed to "Synchrony Bank" ("Synchrony"). A copy of this letter is attached to this Complaint as <u>Exhibit B</u>.

18. The alleged debt referenced in <u>Exhibit B</u> was an "Evine"-branded credit card account, and the alleged debt was incurred for personal, family or household purposes, including purchases of household goods from Evine. Evine is a home shopping television network, formerly known as ValueVision and ShopHQ. https://en.wikipedia.org/wiki/Evine.

19. Synchrony issues and services Evine-branded credit cards. *See* http://www.evinecard.com.

20. Upon information and belief, <u>Exhibit B</u> is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

21. <u>Exhibit B</u> was the first letter Genpact sent to Plaintiff regarding the alleged Evine credit card debt.

22. <u>Exhibit B</u> includes the FDCPA debt validation notice. 15 U.S.C. § 1692g(a).

23. <u>Exhibit B</u> states:

> Balance Due: $1,529.00
> Amount Now Due: $259.00

24. <u>Exhibit B</u> also states:

> Please mail the balance in full to the payment address listed below. If you are experiencing financial difficulties, please call our office and a representative will assist you in negotiating a suitable payment arrangement.
>
> The total account balance as of the date of this letter is shown above. Your account balance may increase because of interest or other charges, if so provided in your agreement with your creditor.

## FDCPA violations

25. Exhibits A and B are confusing to the unsophisticated consumer. In each letter, it is unclear whether Genpact is collecting the entire "Balance Due" or just the amount represented to be the "Amount Now Due."

26. Both amounts cannot be "due" at the same time on the same account. Synchrony has either claimed to accelerate the balance or it has not.

27. The different amounts on Exhibits A and B render Exhibits A and B confusing to the unsophisticated consumer. The consumer would not be able to determine, or would be confused as to, which amount Genpact was actually attempting to collect and what amount was actually "due" as of the dates of Exhibits A and B.

28. The Seventh Circuit held in *Barnes v. Advanced Call Ctr. Techs., LLC*, 493 F.3d 838, 840 (7th Cir. 2007), that "only the past due amount, the amount owed [to the debt collector], can be the 'amount of the debt' under § 809(a)(1)." Thus, whichever amount Genpact is truly collecting, it need only state that amount in the letter.

29. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

30. 15 U.S.C. § 1692e(2)(a) specifically prohibits the "false representation of the character, amount, or legal status" of an alleged debt.

31. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

32. 15 U.S.C. §1692g(a) requires, in part:

> (a) Notice of debt; contents Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

4

(1) the amount of the debt;

33. Plaintiff was confused by Exhibits A and B.

34. The unsophisticated consumer would be confused by Exhibits A and B.

35. Plaintiff had to spend time and money investigating Exhibits A and B, and the consequences of any potential responses to Exhibits A and B.

36. Plaintiff had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiff on the consequences of Exhibits A and B.

37. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

38. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses"). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

## COUNT I – FDCPA

39. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

40. Genpact represented the amount of the debt that Genpact was attempting to collect in a confusing manner by stating that two different amounts were "due" on the same account at the same time. Exhibits A and B.

41. The unsophisticated consumer would be confused as to whether Genpact was attempting to collect only the "Amount Now Due" or the entire "Balance Due."

42. Genpact's conduct violates 15 U.S.C. §§ 1692e, 1692e(2)(a), 1692e(10) and 1692g(a).

## CLASS ALLEGATIONS

43. Plaintiff brings this action on behalf of a Class consisting of (a) all natural persons in the State of Wisconsin, (b) who were sent an initial collection letter in the form represented by Exhibits A or B to the complaint in this action, (c) which identified both a "Balance Due" and an

6

Case 2:17-cv-00538-PP   Filed 04/14/17   Page 6 of 8   Document 1

"Amount Now Due" of different amounts, (d) seeking to collect a debt, incurred for personal, family or household purposes (e) between April 14, 2016 and April 14, 2017, inclusive, (f) that was not returned by the postal service.

44. The Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of the Class.

45. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether <u>Exhibit A</u> violates the FDCPA.

46. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

47. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

48. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## **JURY DEMAND**

49. Plaintiff hereby demands a trial by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: April 14, 2017

**ADEMI & O'REILLY, LLP**

By: /s/ John D. Blythin
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Denise L. Morris (SBN 1097911)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com
meldridge@ademilaw.com
dmorris@ademilaw.com

8